# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned On Briefs January 18, 2012

## JIMMY LEE WHITMIRE v. STATE OF TENNESSEE

### Appeal from the Criminal Court for Marshall County
No. 10CR25    Robert Crigler, Judge

---

### No.  M2011-00955-CCA-R3-PC - Filed January 3, 2013

---

Petitioner, Jimmy Lee Whitmire, was convicted of one count each of especially aggravated kidnapping, aggravated assault, and aggravated burglary.  He received an effective sentence of eighteen years. *State v. Jimmy Lee Whitmire*, No. M2007-01389-CCA-R3-CD, 2009 WL 2486178, at *7 (Tenn. Crim. App., at Nashville, Aug. 13, 2009).  He subsequently filed a petition for post-conviction relief arguing that he was afforded ineffective assistance of counsel.  After conducting a hearing on the matter, the post-conviction court denied the petition.  On appeal, Petitioner argues that he was denied effective assistance of counsel because trial counsel failed to properly advise him regarding testifying at trial.  After a thorough review of the record, we conclude that Petitioner has not shown that trial counsel was ineffective or that if trial counsel was ineffective that he suffered prejudice from such.  Therefore, we affirm the denial of the petition for post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Hershell D. Koger, Pulaski, Tennessee, for the appellant, Jimmy Lee Whitmire.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; Charles Crawford, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### *Factual Background*

Petitioner was arrested at the victim's home in the early morning hours of March 23, 2006. *Jimmy Lee Whitmire*, 2009 WL 2486178, at *5. Petitioner had knocked on the victim's front door and asked to use the telephone. The victim knew Petitioner's parents and had dealt with him a few months before when she purchased a truck. *Id.* at *2-3. The victim let him in the house to use telephone. He acted like he dialed a telephone number. Petitioner squeezed the victim's shoulder and got out a knife. He told her that they were going to her bedroom to talk for a while. *Id.* *2. The victim was able to secretly dial 911 as she put the telephone down. When they arrived in her bedroom, Petitioner told the victim about his troubled past. He did not harm her in any way, but the victim was still scared because Petitioner had a knife. *Id.* Eventually, the victim convinced Petitioner to give her the knife and she threw it in the garbage can. Shortly after she threw the knife away, she heard a knock on the front door and ran out of the bedroom to the door. The officers at the door gathered the knife from the garbage can and arrested Petitioner. *Id.* at *3.

After a jury trial, Petitioner was convicted of one count each of especially aggravated kidnapping, aggravated assault, and aggravated burglary. He received an effective sentence of eighteen years. *Id.* at *7. Petitioner appealed to this Court. He was unsuccessful on all issues except regarding sentencing which resulted in a modification of his sentence from eighteen years to fifteen years. *Id.* at * 25. On January 25, 2010, the Tennessee Supreme Court denied Petitioner's application for appeal to that court from this Court's opinion on direct appeal.

Petitioner filed a timely pro se petition for post-conviction relief on March 1, 2010. On September 2, 2010, Petitioner filed an amended petition through appointed counsel. On September 8, 2010, Petitioner filed "Petitioner's Notice of Voluntary Withdrawal of Post-conviction Petition."

Petitioner subsequently filed a second petition for post-conviction relief on January 14, 2011. On February 1, 2011, the trial court filed the following order concerning Petitioner's original petition: "[T]he defendant announcing in open court the voluntary withdrawal of his post-conviction petition which announcement is documented by his written notice of voluntary withdrawal attached. IT IS THEREFORE ORDERED that the post-conviction petition in this case be dismissed without prejudice."

The trial court held an evidentiary hearing to address issues raised in the second petition for post-conviction relief. Petitioner and his father were the sole witnesses at the

hearing. At the conclusion of the hearing, the post-conviction court denied the petition. Petitioner filed a timely notice of appeal.

## ANALYSIS
### Post-conviction Standard of Review

The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. *See State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). During our review of the issues raised, we will afford those findings of fact the weight of a jury verdict, and this Court is bound by the post-conviction court's findings unless the evidence in the record preponderates against those findings. *See Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *Alley v. State*, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This Court may not reweigh or re-evaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. *See State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness. *See Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

### Voluntary Withdrawal

Initially, we will address the effect of Petitioner's voluntary withdrawal of his petition. Under the Post-conviction Procedure Act, a petition for post-conviction relief must be filed within one year of the date of the final action of the highest state appellate court to which an appeal is taken, or if no appeal is taken, within one year of the date on which the judgment became final. T.C.A. § 40-30-102(a). The Act also states that, "The petitioner may withdraw a petition at any time prior to the hearing without prejudice to any rights to refile, but the withdrawn petition shall not toll the statute of limitations set forth in § 40-30-102." T.C.A. § 40-30-109(c).

On January 25, 2010, our supreme court denied permission to appeal from this Court's opinion on direct appeal. Therefore, Petitioner had one year from January 25, 2010, to file a new petition. Petitioner filed his initial petition on March 1, 2010. The second petition was filed on January 14, 2011. The post-conviction court granted the withdrawal of the petition by written order on February 1, 2011. We acknowledge that this withdrawal was allowed after the second petition was filed, however, Petitioner requested the voluntary withdrawal on September 8, 2010. There was no hearing concerning the request for the voluntary dismissal and the granting of such. There is an order filed January 13, 2011, that Petitioner's counsel had assured the post-conviction court that an order for dismissal would be filed and counsel had not done so up to that point. However, it appears that the post-conviction court was satisfied with the sequence of events. Therefore, as did the post-conviction court, we

will address the petition on merits based upon the timely filing of the second petition filed on January 14, 2011.

**Ineffective Assistance of Counsel**

Petitioner argues that his trial counsel was ineffective because "trial counsel fail[ed] to sufficiently advise Petitioner with respect to whether he should testify at trial." The State argues that the post-conviction court did not err in denying the petition.

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) that the deficient performance was prejudicial. *See Powers v. State*, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). In order to demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley v. State*, 960 S.W.2d 572, 580 (Tenn. 1997).

As noted above, this Court will afford the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings. *See id.* at 578. However, our supreme court has "determined that issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact . . . ; thus, [appellate] review of [these issues] is de novo" with no presumption of correctness. *Burns*, 6 S.W.3d at 461.

Furthermore, on claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight. *See Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. 1994). This Court may not second-guess a reasonably-based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. *See id.* However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. *See Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

At the conclusion of the hearing, the post-conviction court stated the findings on the record. With regard to the issue at hand, the post-conviction court stated that, "My

understanding of the law and my finding is that the attorney is not supposed to insist that the defendant testify. The correct advice is to say it is your decision whether to testify or not testify. Here is the pros and cons of it." The trial court also stated that Petitioner testified that he "freely and voluntarily decided on his own, which it is his personal decision, not to testify."

As stated above, Petitioner and his father were the sole witnesses at the evidentiary hearing. Petitioner acknowledged that trial counsel explained the ramifications of testifying at trial and told him he must make the decision. As preparation for the decision, trial counsel conducted a mock trial to determine what kind of witness Petitioner would be on the stand. In addition, a "Client Acknowledgment" letter, which was signed by Petitioner included the following statement, "My attorney has explained to me that while she can advise me as to her opinion, the final decisions on matters affecting my case are solely mine. This includes but is not limited to . . . whether I will testify or not at my trial." Furthermore Petitioner testified that he could not recall the reasons why at the time he thought he should not testify at trial, but he "recalled [ ] being scared and sick and rehabilitating off of the medicines. [He] was a really sick person. Weak without sleeping and weak without eating. At the time [his] decision was based on that." He also stated that trial counsel left the decision up to him. In addition, the record on direct appeal demonstrates that the trial court examined Petitioner as to the voluntariness of his decision not to testify as required under *State v. Momon*, 18 S.W.3d 159, 161-62 (Tenn. 1999).

We conclude that Petitioner has not shown that trial counsel was ineffective in advising him concerning testifying at trial. Petitioner testified that he and trial counsel fully discussed whether he should testify. Trial counsel held a mock trial to determine whether Petitioner would be an effective witness. Trial counsel correctly left the decision to Petitioner as to whether he would testify. Also, the record on direct appeal reflects that Petitioner told the trial court that he voluntarily decided not to testify in his own behalf.

Even assuming Petitioner could show deficiency, he has not shown prejudice. Petitioner argues that he was prejudiced because he was unable to present information regarding his poor mental health. However, at trial, three witnesses testified about Petitioner's attempts at suicide, and he was allowed to show the injury he sustained from his attempt to shoot himself. Furthermore, Petitioner declined the use of an expert witness to testify regarding his mental history because he decided it was too expensive. This information was included in a letter that was an exhibit at the hearing. We conclude that substantial evidence of Petitioner's mental history was placed into evidence and that any lack of further proof was the result of Petitioner's own decision.

Because we have determined that Petitioner has been unable to satisfy both prongs to demonstrate that trial counsel's representation was deficient, we affirm the post-conviction court's denial of the petition for post-conviction relief.

## **CONCLUSION**

For the foregoing reasons, we affirm the decision of the post-conviction court.


_____
JERRY L. SMITH, JUDGE